**Dated: September 27, 2005**
**The following is ORDERED:**



*Tom R. Cornish*
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DANNITA J. ROBERTSON** | ) | Case No. 04-72876 |
| | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| **DANNITA J. ROBERTSON** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 04-7120 |
| | ) | |
| **EDUCATIONAL CREDIT** | ) | |
| **MANAGEMENT CORPORATION** | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

On the 31st day of August, 2005, there came on for trial in this adversary proceeding Plaintiff's Complaint seeking an order granting a discharge of the Plaintiff's student loans payable to Educational Credit Management Corporation, pursuant to 11 U.S.C. § 523(a)(8). Counsel appearing were Otto Fry,

Attorney for Plaintiff/Debtor Dannita J. Robertson ("Robertson"), and Mac Finlayson, Attorney for Defendant/Creditor Educational Credit Management Corporation ("ECMC"). After hearing and reviewing the evidence and testimony presented by the parties, this Court does hereby enter its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Robertson filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on July 30, 2004. Robertson commenced this adversary proceeding to determine the dischargeability of her student loans on November 18, 2004.

The parties have stipulated to the following facts as contained in the Final Pre-Trial Order, entered August 26, 2005:

1. The education loan promissory notes hereafter identified and constituting the foundation of the claims of ECMC were issued under a program made, insured, guaranteed or funded by a governmental unit and referred to as the Federal Family Educational Loan Program ("FFELP"), formerly known as the Guaranteed Student Loan Program, established by the Higher Education Act of 1965, *Pub. L. No. 89-329, Nov. 8, 1965, Tit. IV, 79 Stat. §1219 (Tit. 20, U.S.C., §§ 1071-1087-4)*, as amended.

2. ECMC is a private non-profit guaranty agency under the FFELP whose loans are guaranteed student loans ("GSL's").

3. ECMC's guaranties under the FFELP are reinsured by the Department of Education of the United States, whose regulations concerning the FFELP, as the same pertain to GSL's are found at *34 C.F.R. § 682.100 et seq*.

4. ECMC has paid under the terms of its guaranties and the education loan promissory notes hereinafter set forth have been endorsed and assigned to it.

5. ECMC is the successor in interest to Pennsylvania Higher Education Assistance Agency ("PHEAA") as a holder in due course as to the education loan promissory notes and, as such, is the true defending party in interest with regard thereto.

6. On or about October 25, 2000, the Plaintiff executed a Promissory Note payable

2

to the order of Pennsylvania Higher Education Assistance in the principal amount of $17,000.00 ("Promissory Note #1"). The original Promissory Note #1 was lost by PHEAA, and in its place an indemnification agreement was executed by PHEAA March 7, 2005. ...

7. On or about October 25, 2000, the Plaintiff executed another Promissory Note payable to the order of Pennsylvania Higher Education Assistance in the principal amount of $21,904.00 ("Promissory Note #2"). The original Promissory Note #2 was lost by PHEAA, and in its place an indemnification agreement was executed by PHEAA March 7, 2005.

8. Promissory Notes #1 and #2 require the Plaintiff to pay reasonable amounts incurred for collection, including attorney's fees and costs.

9. The aggregate unpaid principal and interest balance due to ECMC under Promissory Notes #1 and #2 currently held by ECMC was $45,685.42 as of August 11, 2005.

10. Promissory Notes #1 and #2 represent the consolidation of four (4) promissory notes executed by Plaintiff to Missouri Higher Education Loan Authority ("MOHELA").

11. Promissory Notes #1 and #2 are each accruing interest at the fixed rate of 7.63% per annum ("APR"), simple interest accrued daily, in accordance with and as specified by applicable Federal regulation and Promissory Notes #1 and #2.

12. Plaintiff made payments on Promissory Notes #1 and #2 beginning May 14, 2001, through and including March 15, 2004, in the aggregate totaling $8,234.72.

13. Plaintiff received twenty-six (26) months of deferment or forbearances in repayment of Promissory Notes #1 and #2 prior to the filing of her bankruptcy case.

14. The funds represented by Promissory Notes #1 and #2 were advanced for Plaintiff's benefit according to their terms.

15. Plaintiff is a 52 year old single woman with no dependents.

16. Plaintiff graduated from St. Louis University with a Masters Degree in Social Work and is a Licensed Master Social Worker.

3

17. For the last four (4) years, Plaintiff has been employed as a full-time social worker at Peach Tree Hospice in Fort Smith, Arkansas.

18. Plaintiff's federal tax returns for the taxable years 2004 and 2003 reflect an adjusted gross income ("AGI") of $38,574 and $33,990, respectively.

19. Deductions from Plaintiff's pay checks include insurance premiums for health insurance which covers 80% of her covered medical needs.

20. Plaintiff claims permanent medical conditions, including hearing impairment in both ears requiring hearing aids, blindness in one eye, glaucoma and claims to suffer from depression.

21. Plaintiff's Schedule F scheduled $9,580 in total unsecured claims, but does not include any amounts for educational loan claims sought to be discharged here in Schedule F or otherwise.

22. Of her scheduled unsecured claims, $3,500 were related to medical expenses, and were discharged.

23. When the education loan balances sought to be discharged herein are included, these unscheduled balances constitute 80% of total scheduled and unscheduled unsecured claims.

24. Plaintiff reaffirmed the mortgage on her home, which she valued at $55,000, and a 2002 Toyota Camry, one of two cars she scheduled and valued at $15,500.

At the trial, Robertson stated that she worked part-time in 2004, in addition to her full time job, which explains the increase in income from 2003 to 2004. Robertson also testified as to her monthly income and expenses. Exhibits admitted in open Court along with Robertson's testimony reflect the following estimates:

Monthly Income: $ 2450.00

Expenses:

Mortgage (taxes and insurance included): $ 492.00

4

Case 04-07120   Doc 48   Filed 09/27/05   Entered 09/27/05 15:08:42   Desc Main
Document      Page 4 of 7

| | |
|---|---|
| Fuel: | $ 300.00 |
| Electric: | $ 120.00 |
| Telephone (home and cellular): | $ 60.00 |
| Car payment: | $ 347.00 |
| Car Insurance: | $ 80.00 |
| Utilities: | $ 60.00 |
| Cable television: | $ 20.00 |
| Prescriptions (out of pocket): | $ 160.00 |
| Doctor bills: | $ 160.00 |
| Food: | $ 300.00 |
| Total Expenses: | $2099.00 |

With total monthly expenses of $ 2,099.00 and monthly income of $2,450, Robertson is left with approximately $ 351.00 each month for clothing, student loan payments, entertainment and any extras.

Section 523(a)(8) of the Bankruptcy Code provides that a discharge under §§ 727, 1141, 1228(a) or (b), or 1328(b) does not discharge a debtor from any debt:

> for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8). Robertson seeks to have this Court determine that excepting her student loans from discharge will impose an undue hardship on her. "Undue hardship" is not defined in the Bankruptcy

5

Code. Robertson must prove by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
>
> (3) that the debtor has made good faith efforts to repay the loans.

*Educ. Credit Mgmt. Corp. V. Polleys (In re Polleys),* 356 F.3d 1302, 1307 (10th Cir. 2004) (citing *Brunner v. New York State Higher Educ. Servs. Corp.,* 831 F.2d 395, 396 (2d Cir. 1987). If a debtor fails to show any one element of the test, the student loan debt is nondischargeable.

This Court finds that Robertson has failed to prove the first prong of the test. Based on her current income and expenses, Robertson can maintain a "minimal" standard of living for herself while repaying her student loans. She has managed to pay over $8,000 toward the loan balance. Robertson is left with approximately $350 each month after expenses, which can be used to repay her student loans. This Court heard testimony regarding Robertson's health problems; however, Robertson is working full-time and only takes occasional sick leave. Although her circumstances are stressful and difficult, she is able to maintain an adequate standard of living. There are several repayment options under the William D. Ford Direct Loan Consolidation Program available to Robertson which would ease the financial impact on her from repayment of these loans. Under the Graduated Repayment Plan, for example, Robertson's estimated monthly payment for the first two years would be $290.29. Further, under most circumstances Robertson can annually alter her payment plan option, and in the event Robertson suffers an event or circumstance that prevents her from earning income, she becomes eligible for the full range of deferments and forbearances.

6

For these reasons, this Court declines to discharge Robertson's student loan obligation to ECMC.

IT IS THEREFORE ORDERED that Robertson's request for an order granting a discharge of student loans is **denied.**

IT IS FURTHER ORDERED that the entire amount of Robertson's student loans currently assigned to Educational Credit Management Corporation is **nondischargeable.**

###

7